UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

QUADRO KENYATTA MILES                                    PLAINTIFF

v.                        CIVIL NO.: 1:10-cv-01077

DR.  SEALE, *et al*.                                   DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Plaintiff's Complaint.  ECF No.  1.  Plaintiff's Complaint was filed by utilizing a form entitled "Form to be Use by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983."  *Id.*  Plaintiff did not pay the full filing fee for this action, but instead filed a Motion for Leave to Proceed *in forma pauperis* ("IFP").  ECF No.  9.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Judge Robert T.  Dawson, United States District Judge for the Western District of Arkansas.

The matter is presently before the Court on Plaintiff's Motion to Proceed IFP.  ECF No.  9. For the reasons stated below, it is the recommendation of the undersigned that Plaintiff's IFP application be denied and the Complaint be dismissed.

### I.      BACKGROUND

The following facts were presented to the Court in Plaintiff's Complaint.  ECF No.  1. Plaintiff states that in June, presumably of 2010, he filled out a sick call slip due to a bleeding hemorrhoid.  *Id.*  Plaintiff was seen by Doctor Seale and Dr.  Seale stated the hemorrhoid did not need to be cut out and "he didn't see any problem."  *Id.*  Dr.  Seale did prescribe a suppository for Plaintiff, which contained seven doses in the pack.  *Id.*  Plaintiff was charged $19.88 for the prescribed medication and was charged a doctor visit of $19.99.  *Id.*

Plaintiff wrote a grievance, stating he should be reimbursed because "I know that wasn't the

right about of medication I was to receive for that price." ECF No. 1, at 6.  Lt. Bass replied to the grievance that any inmate who visits Dr. Seale is charged $20.00 for a contact visit and $10.00 if a prescription is written. *Id.* at 7.  Lt. Bass stated the Plaintiff was not charged for the medication "although you should have been." *Id.*

Furthermore, Plaintiff complains that it seems Lt. Bass "has the last say so over everything that goes on in this jail" and Plaintiff also states "nothing ever makes it through to the Administration or to Ken Jones the Sheriff." *Id.* at 5.

For relief, Plaintiff is seeking "five million or whatever the court [finds] reasonable" as compensation for cruel and unusual punishment, injustice, pain and suffering, nuisance, obscenity, obstructing justice, forgery and "frauding documents [sic]." *Id.*

## II.    APPLICABLE LAW

Because Plaintiff is a prisoner who is seeking redress from governmental agents and entities, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A(a).  The statute, which is part of the Prison Litigation Reform Act of 1995 ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a).  The Court must determine which aspects of the pleading are actionable and should be allowed to proceed.  The Court must dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.

In reviewing an IFP, there is a two-step process followed by the court.  First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the

complaint to be filed.  Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint.  *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982).  28 U.S.C. § 1915A(b) (On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief); *see also* 28 U.S.C. § 1915(c)(2)(B)(i-iii).

## III.   DISCUSSION

Regarding the first step in review of Plaintiff's IFP application, in his affidavit, Plaintiff states he has no funds or income.  The Union County Criminal Justice Facility states the average monthly deposit into Plaintiff's account was $233.83, with an average balance of $119.80.  The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.  Accordingly, the Complaint should remain filed as was provisionally granted.  ECF No.  2.

However in this case, the Complaint fails to state a claim on which relief may be granted under the Constitution or laws of the United States.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff has not stated a claim of constitutional harm under Section 1983.  Therefore, the Complaint, although filed, should be dismissed.

Plaintiff's Complaint does not indicate whether he is suing the individuals in their official or individual capacities.  The United States Court of Appeals for the Eighth Circuit has consistently advised plaintiffs to specifically plead whether government agents are being sued in their official or individual capacities to ensure prompt notice of potential personal liability.  *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989); *see also Andrus v. Arkansas*, 197 F.3d 953 (8th Cir. 1999) (in actions

against officers specific pleading of individual capacity is required to put public officials on notice they will be exposed to personal liability). When the plaintiff fails to state whether he is suing an official in his individual capacity, the United States Court of Appeals for the Eighth Circuit has construed the claim to be against the official in his official capacity only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."); *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 620 (8th Cir. 1995) ("*Nix* requires that a plaintiff's complaint contain a clear statement of her wish to sue defendants in their personal capacities. Neither a cryptic hint in a plaintiff's complaint nor a statement made in response to a motion to dismiss is sufficient").

While the court has an obligation to construe a *pro se* complaint liberally, *see Haines v. Kerner*, 404 U.S. 519 (1972), this requirement that individual-capacity claims be specifically pled has been applied to *pro se* litigants. *See Taylor v. Roper*, 53 Fed. Appx. 142 (8th Cir. 2003) (unpublished per curiam) (*citing Murphy v. Arkansas*, 127 F.3d 750, 754-55 (8th Cir. 1997) (pleading requirement strictly enforced)).

Official capacity claims are the equivalent of claims asserted against the employing entity-here Union County. Under section 1983, a governmental entity may not be held vicariously liable for the unconstitutional acts of employees. A governmental entity, however, may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional custom or policy. *See Doe v. Washington Co.*, 150 F.3d 920, 922 (8th Cir.1998).

Thus, Union County would be held liable for defendants' conduct only if it had a policy or

custom that caused plaintiff's injury.  *See Board of County Comm'rs v. Brown*, 520 U.S. 397 (1997). In the absence of a written policy, plaintiff must identify a pattern of widespread unconstitutional conduct that was so pervasive and well-settled that it had the effect of law.  *See Jane Doe A v. Special Sch. Dist. of St. Louis County*, 901 F.2d 642, 646 (8th Cir.1990).  Plaintiff must show that Union County "through its deliberate conduct . . . was the 'moving force' behind the injury alleged." *Brown*, 520 U.S. at 398.

Here, Plaintiff has identified no custom, policy, or procedure of Union County which is responsible for the alleged violation of his constitutional rights, and as such has failed to state any official-capacity claims under Section 1983.

However, even if Plaintiff's Complaint was construed to assert individual capacity claims, his Complaint still fails to state a Section 1983 claim.  With respect to the deduction of money from Plaintiff's inmate account allegedly made for an over-charge of prescription medication, the Court does not find a constitutional claim is stated. While the Eighth Amendment's prohibition against cruel and unusual punishment requires jails to provide basic medical care to inmates, there is no requirement that the jails provide the medical care free of cost. *See e.g., Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3rd Cir. 1997) (deliberate-indifference standard does not guarantee prisoners right to be entirely free from cost considerations that figure in medical-care decisions made by most non-prisoners in society).   Inmates may be constitutionally required to pay for their own medical expenses, if they can afford to do so.  *Roberson v. Bradshaw*, 198 F.3d 645 (8th Cir. 1999); *see also Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001) (Prison inmate may file replevin action in state court to recover money taken from his prison account); *Jensen v. Klecker*, 648 F.2d 1179, 1183 (8th Cir.1981) (no basis for due process claim where deductions from prisoner accounts were assessments

-5-

for value received).

To the extent Plaintiff is attempting to state a claim against Defendant Bass for his response to Plaintiff's grievance, it is well-settled that inmates do not have a constitutionally protected right to a grievance procedure. *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp.2d 559, 569 (W.D. Va. 2000) (citations omitted); *see also Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (inmates have no constitutional right to grievance procedure); *Blagman v. White*, 112 F. Supp. 2d 534 (E.D. Va. 2000)(inmate has no constitutional entitlement to grievance procedure), aff'd, 3 Fed. Appx. 23 (4th Cir. 2001).  Moreover, in this district, it has been established that an alleged lie in response to a grievance does not state a claim for denial of access to an adequate grievance procedure. *Sutton v. Phillips,* 2008 WL 652930 (W.D. Ark.  2008).

Finally, Plaintiff has alleged no action or inaction of Defendant Jones caused him any constitutional harm.  The general responsibility for supervising the operations of a prison is insufficient to establish personal involvement required to support liability. *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995).

## IV.    CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint, ECF No.  1, be **DISMISSED** in its entirety for failure to state a claim.  I also recommend this case be considered a "strike" pursuant to the so-called "three strikes" provision of the *in forma pauperis* statute, 28 U.S.C. § 1915 (g), and the Clerk of Court be directed to place the appropriate case flag on this case.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

    DATED this 16th day of June 2011.

                                        /s/ Barry A.  Bryant
                                        HON.  BARRY A.  BRYANT
                                        U.S. MAGISTRATE JUDGE